UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:22-cv-03829-DSF-PD                                    Date: June 14, 2022

Title  <u>Robert Lee Manning, Jr   v  City of Los Angeles, et al</u>

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   **(In Chambers) Order to Show Cause Why the Court Should Not Recommend (1) Denial of Plaintiff's Request to Proceed Without Prepayment of Filing Fees; and (2) Dismissal of Complaint**

The Court orders Plaintiff to show cause on or before **July 13 2022** why this Court should not recommend denial of his request to proceed without prepayment of filing fees and dismissal of his Complaint.

On June 3, 2022, Plaintiff Robert Lee Manning, Jr. ("Plaintiff") filed a Complaint against Defendants City of Los Angeles and the State of California. [Dkt. No. 1.]  Plaintiff alleges claims for "fraud, conspiracy, 'AB 3121'[1], 'H.R. 40', 42 U.S.C. § 1011, '18 U.S.C.', and the Civil Rights Act of 1965." [*Id*. at 1.]  Plaintiff also filed a request to proceed in forma pauperis ("IFP Request").  [Dkt. No. 3.]

I.   **Standard of Review**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by a person proceeding in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 is subject to a mandatory review and dismissal by the court

---

[1] California Assembly 3121 created a Task Force to Study and Develop Reparation Proposals for African Americans.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-03829-DSF-PD                                          Date: June 14, 2022

Title     <u>Robert Lee Manning, Jr   v   City of Los Angeles, et al</u>

to the extent it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint should be dismissed at screening, the Court applies the same standard as applied in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*.  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Plaintiff is proceeding pro se, the Court construes the Complaint liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

## II.     Allegations in the Complaint

From what the Court can discern of Plaintiff's allegations, a "Cherry Picker" flew off the back of a utility truck owned by Defendant City of Los Angeles and caused damage to Plaintiff's vehicle and personal injuries to Plaintiff.  [Dkt. No. 1 at 2, 3, 6-7.]  The incident occurred on April 5, 2021, while Plaintiff was driving on the 105 Freeway.[2]  Plaintiff alleges he was able to maneuver his car and avoid a disastrous situation.  [*Id*. at 6-7.]  Plaintiff followed the driver of the utility truck to the City of Los Angeles' Yard.  [*Id*. at 7.]  The driver allegedly told Plaintiff that he did not know that he had caused an accident.  [*Id*.]  It appears that a police officer was present at the

---

[2] According to exhibits attached to the Complaint, the incident occurred on April 5, 2020. [*See* Dkt. No. 1 at 14-16.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-03829-DSF-PD                                             Date: June 14, 2022

Title     *Robert Lee Manning, Jr   v  City of Los Angeles, et al*

Yard and noticed that Plaintiff was limping and asked him to sit in his car. [*Id*. at 8.] Plaintiff alleges that the "defendant(s) was in vey (sic) proximity to Plaintiff's face, back and forth asking for proof of insurance, driver's license, etc., amid the height of a worldwide pandemic." [*Id*.] Plaintiff alleges that the police officer was racially profiling him. [*Id*.] Plaintiff alleges that four police SUVs and officers were present and appeared to be "exhibiting Acts of misinformation and Conspiring." [*Id*.] Plaintiff alleges that the police officers said there is nothing called a "Cherry Picker." [*Id*.] However, a city worker then stated that the equipment is covered up with "Cherry Pickers" and that "the defendant's [is] missing." [*Id*.]

The police officer then took a report; however, Plaintiff knew that it was the wrong law enforcement agency, so Plaintiff secretly called 911. [*Id*.] The 911 operator told Plaintiff that a CHP officer would be sent to the City Yard. [*Id*. at 9.] When the CHP officer arrived, LAPD and the police SUVs pulled away. [*Id*.]

After Plaintiff left the City Yard, he was instructed by his attorney to go back to the scene of the accident on the 105 Freeway. [*Id*.] Plaintiff alleges when he arrived the CHP officer appeared to be looking for the "Cherry Picker." [*Id*.] Plaintiff alleges that Defendants conspired to try and recover the "Cherry Picker" in order to make it look like there was never an accident. [*Id*.] Plaintiff alleges that "defendant(s) appears to have and or is conducted this/these alleged Act(s) because Plaintiff is a black and or a black male." [*Id*.] Plaintiff alleges that he discovered the "Cherry Picker" and still has it. [*Id*. at 10.]

Plaintiff seeks $1 million dollars for his injuries. [*Id*.] As to "AB 3121 / and or HR. 40" he requests the Court to take into consideration the events leading up to said incident and why Plaintiff was placed "in the position of having to [demonstrate] are actual Slave descendants." [*Id*. at 10-11.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-03829-DSF-PD                                            Date: June 14, 2022

Title     <u>Robert Lee Manning, Jr   v   City of Los Angeles, et al</u>

### III.     Failure to State a Claim

#### A.     Rule 8

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  Plaintiff must provide sufficient factual allegations to support each element of their claim.  *See Starr v. Baca*, 652 F.3d 1202, 1212-16 (9th Cir. 2011) (discussing recent Supreme Court Rule 8(a) jurisprudence).  Each claim should be set forth in a separate count.  Fed. R. Civ. P. 10(b).  If a complaint does not clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the complaint fails to comply with Rule 8.  *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 F. App'x. 742, 743 (9th Cir. 2014) (affirming district court dismissal of Section 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

The Complaint fails to satisfy Rule 8.  As the Complaint currently reads, Defendants have no way of understanding what claims are alleged, what Plaintiff claims that Defendants did or failed to do, and which of Plaintiff's rights were violated.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (stating that a complaint must give the defendant fair notice of what the plaintiff's claim is).  The Complaint fails to provide the Defendants with fair notice of specific, individual actions by officers it employed that resulted in the alleged deprivation of Plaintiff's rights.  Moreover, the connections between the Defendants and the purported claims regarding "AB 3121" and "HR. 40" are vague, conclusory, and appear unrelated to the car accident claim.  The Court cannot discern the legal theories that Plaintiff wishes to pursue, and the actions of Defendants that purportedly violated Plaintiff's rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:22-cv-03829-DSF-PD                                        Date: June 14, 2022

Title     *Robert Lee Manning, Jr   v   City of Los Angeles, et al*

### 2. Section 1983 Claims

To establish liability under Section 1983, a plaintiff must demonstrate that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  Liability under section 1983 arises only upon a showing of personal participation by the defendant.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  There is no vicarious liability in Section 1983 lawsuits.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Hence, a government official – whether subordinate or supervisor – may be held liable under Section 1983 only when his or her own actions have caused a constitutional deprivation.  *See Iqbal*, 556 U.S. at 676.  Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

### 3. *Monell* Claim

To the extent that Plaintiff seeks to bring a *Monell* claim against the City of Los Angeles regarding the car accident, he has failed to state sufficient facts.  To bring a § 1983 claim against a local governmental entity, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978).  The plaintiff must show: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted).  Plaintiff has failed to allege non-conclusory facts plausibly suggesting that a City of Los Angeles policy, practice, or custom is the cause of—the "moving force" behind—Plaintiff's alleged constitutional injuries. *See Monell,* 436 U.S. at 690-91.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-03829-DSF-PD                                    Date: June 14, 2022

Title     <u>Robert Lee Manning, Jr   v   City of Los Angeles, et al</u>

### 4. Negligence

To the extent that Plaintiff alleges that Defendants were negligent, he has failed to state a civil rights claim. Negligence or a negligent act by a person acting under color of law, does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

### 5. Eleventh Amendment Immunity

The Complaint fails to state a cognizable claim against the State of California under 42 U.S.C. § 1983 because the Eleventh Amendment bars Plaintiff's claims against the State and state agencies unless the State has waived its immunity or Congress has overridden that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010), *cert. denied*, 562 U.S. 1286 (2011) ("'The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.' The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies.") (citations omitted). The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under 42 U.S.C. § 1983 in federal court, *see Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that the California Constitution does not waive immunity from federal court jurisdiction), and the Supreme Court has held that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity," *Kentucky v. Graham*, 473 U.S. 159, 169 n. 17 (1985). Accordingly, Plaintiff may not maintain his 42 U.S.C. § 1983 claims against the State of California.

### 6. Conspiracy

To state a conspiracy claim under § 1983, a plaintiff must show (1) an agreement between the defendants to deprive the plaintiff of a constitutional right, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional deprivation. *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856–57 (9th Cir. 1999). "To be liable, each participant in the conspiracy need

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-03829-DSF-PD                                      Date: June 14, 2022

Title      *Robert Lee Manning, Jr   v   City of Los Angeles, et al*

not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers of Am. v Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989).  Plaintiff's wholly conclusory allegations of Defendants working together in violation of Plaintiff's rights are insufficient to support a conspiracy claim.

## IV.    IFP REQUEST

Additionally, Plaintiff failed to fully complete each section of the IFP Request. If Plaintiff wishes to proceed IFP, he must resubmit a fully completed form.

## ORDER

For the foregoing reasons, **IT IS ORDERED THAT** Plaintiff shall show cause in writing, by no later than **July 13, 2022**, why the Court should not recommend that Plaintiff's request to proceed without prepayment of fees be denied and the Complaint be dismissed.

If Plaintiff fails to file a response to this order to show cause on or before **July 13, 2022**, this Court may recommend that Plaintiff's request to proceed without prepayment of fees be denied and the Complaint be dismissed.

If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached **Notice of Dismissal by July 13, 2022,** which will result in the voluntary dismissal of this action without prejudice.

Attachments:
--Notice of Voluntary Dismissal (CV-09)

:
im